## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

BEVERLY COWAN,                              )
                                            )
        Plaintiff,                  )
                                            )
vs.                                         )
                                            )
                                            ) CIV-07-201-FHS
                                            )
LENERT PFEILER, DEAN KIMBLE, and            )
DAVID EADS, personally, and in their        )
official capacity as the governing          )
members of INDEPENDENT SCHOOL DISTRICT      )
NO. I-032 OF ADAIR COUNTY, OKLAHOMA,        )
a/k/a GREASY PUBLIC SCHOOLS,                )
                                            )
        Defendants.                 )

### ORDER

Before the court for its consideration is a motion for summary judgment as to the Board Members sued in their individual capacities filed on July 26, 2007. The court rules as follows on the motion.

### STANDARD FOR SUMMARY JUDGMENT

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 ©; See also <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. <u>Celotex v. Catrett</u>, 477 U.S. 317, 325

1

(1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendant's motion.

## I. Due Process Claims

After reviewing the evidence presented with the motion for summary judgment the court concludes that genuine issues of material facts are present in this case as to the individual

defendants qualified immunity claims.  Accordingly, summary judgment is inappropriate and the motion for summary judgment is hereby **DENIED**.  <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986) and <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).

## II. Breach of Contract Claim

The individual defendants have argued they are not individually liable to the plaintiff on the breach of contract claim.  They argue that by the express terms of the contract the contract is with the district and not the individual board members.  It appears from the plaintiff's response she did not intend to sue the individual board members but rather intended to only sue the school board.  Accordingly, the defendants are granted summary judgment in their individual capacity on the breach of contract claim as this appears to be conceded by the plaintiff.

**CONCLUSION**

The court denies the summary judgment as to the plaintiff's due process claims but grants it as to the breach of contract claim as to the individual defendants.

**IT IS SO ORDERED** this 19th day of December, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma